## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**MOREHEI PIERCE**,
*Plaintiff-Appellant*

v.

**(FNU) CANNON, EDCF EAI; (FNU) GORMAN, OFFICER, CSI,**
*Defendants-Appellees*

## BRIEF OF DEFENDANTS-APPELLEES

Appeal from the United States District Court for the District of Kansas
Case No. 5:24-CV-04033-JAR-ADM
Honorable Julie Robinson

OFFICE OF KANSAS ATTORNEY
GENERAL KRIS KOBACH
Ryan J. Ott, Assistant Solicitor General
120 SW 10th Ave, 2d Floor
Topeka, Kansas 66612
(785) 296-2215
ryan.ott@ag.ks.gov
*Attorney for Defendants-Appellees*

## ORAL ARGUMENT IS NOT REQUESTED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................ii

STATEMENT OF RELATED CASES ...........................................iv

JURISDICTIONAL STATEMENT ...........................................1

STATEMENT OF THE ISSUE................................................1

STATEMENT OF THE CASE ................................................1

SUMMARY OF THE ARGUMENT ........................................3

ARGUMENT ........................................................................5

I.    Did the district court err in dismissing Pierce's complaint for
      lack of subject matter jurisdiction based on Eleventh
      Amendment Immunity and for failing to state a claim because
      the statute of limitations had run? .......................................5

A. The Eleventh Amendment bars Pierce's official capacity claims
   against Cannon and Gorman for monetary damages. ....................7

B. Pierce's claims against Cannon and Gorman were barred by the
   statute of limitations. ...................................................9

CONCLUSION....................................................................12

CERTIFICATE OF COMPLIANCE.........................................14

CERTIFICATE OF DIGITAL SUBMISSION .......................14

CERTIFICATE OF SERVICE................................................14

ATTACHMENTS................................................................16

# TABLE OF AUTHORITIES

## Cases

*Baker v. Bd. of Regents of State of Kansas,*
    991 F.2d 628 (10th Cir. 1993) ............................................................ 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................ 9

*Ex parte Young,*
    209 U.S. 123 (1908) ........................................................................ 8

*Fent v. Okla. Water Res. Bd.,*
    235 F.3d 553 (10th Cir. 2000) ........................................................ 7

*Garrett v. Selby Conner Maddux & Janer,*
    425 F.3d 836 (10th Cir. 2005) ........................................................ 6

*Hall v. Bellmon,*
    935 F.2d 1106 (10th Cir. 1991) ...................................................... 6

*Herrera v. City of Espanola,*
    32 F.4th 980 (10th Cir. 2022) ............................................... 9, 10, 11

*Kokkonen v. Guardian Life Ins. Co. of America,*
    511 U.S. 375 (1994) ........................................................................ 7

*Lyons v. Kyner,*
    367 F. App'x 878 (10th Cir. 2010) ................................................. 10

*Muscogee (Creek) Nation v. Pruitt,*
    669 F.3d 1159 (10th Cir. 2012) ...................................................... 8

*Northington v. Jackson,*
    973 F.2d 1518 (10th Cir. 1992) ...................................................... 6

*Peterson v. Martinez*,
707 F.3d 1197 (10th Cir. 2013)..........................................................7

*Richison v. Ernest Group, Inc.*,
634 F.3d 1123 (10th Cir. 2011)..........................................................5

*Smith v. City of Enid By and Through Enid City Com'n*,
149 F.3d 1151 (10th Cir. 1998)...................................................10, 11

*Trackwell v. U.S. Government*,
472 F.3d 1242 (10th Cir. 2007)..........................................................7

*Varnell v. Dora Consol. Sch. Dist.*,
756 F.3d 1208 (10th Cir. 2014)........................................................11

*Warnick v. Cooley*,
895 F.3d 746 (10th Cir. 2018)............................................................5

*Will v. Michigan Dep't of State Police*,
491 U.S. 58 (1989)................................................................................8

*Williams v. Utah Dep't of Corr.*,
928 F.3d 1209 (10th Cir. 2019)......................................................7, 8

**Statutes**

Kan. Stat. Ann. § 60-513 ..................................................................10

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1331 ..................................................................................1

42 U.S.C. § 1983 .......................................................... 1, 2, 5, 6, 9, 11, 12

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216
    (3d ed. 2004) ........................................................................... 9

Federal Rule of Civil Procedure 12 ................................... 1, 3, 5, 9, 10, 12

Fourteenth Amendment, § 5 ..................................................................... 8

Kansas Supreme Court Admin. Order No. 2020-PR-016 ....................... 12

Kansas Supreme Court Admin. Order No. 2021-PR-020 ....................... 12

## STATEMENT OF RELATED CASES

None

# JURISDICTIONAL STATEMENT

The United States District Court for the District of Kansas had jurisdiction to address this case under 28 U.S.C. § 1331 as the complaint raised federal questions via 42 U.S.C. § 1983. This appeal arises from the district court's November 15, 2024, order dismissing Pierce' compliant under Federal Rule 12(b) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Pierce filed his notice of appeal on December 2, 2024. Under 28 U.S.C. § 1291, this Court has jurisdiction to hear Pierce's appeal, as it comes from the final judgment disposing of all Pierce's claims.

# STATEMENT OF ISSUE

I.     **Did the district court err in dismissing Pierce's complaint for lack of subject matter jurisdiction based on Eleventh Amendment sovereign immunity and for failing to state a claim because the statute of limitations had run?**

# STATEMENT OF THE CASE

Pierce filed his complaint under 42 U.S.C. § 1983 on April 30, 2024, against (FNU) Cannon, an agent of Enforcement, Apprehensions, and Investigations at El Dorado Correctional Facility (EDCF); (FNU) Gorman, an officer at EDCF; William Waddington, an alleged former Warden of EDCF; Kansas Attorney General Kris Kobach; and Secretary

of the Kansas Department of Corrections (KDOC) Jeff Zmuda. (ROA, 5-
11, 56.) Pierce claimed that, while incarcerated at EDCF in 2020, he
was placed in a cell with a known sexual predator. (ROA, 9.) This
inmate threatened Pierce with a shank. (ROA, 9.) When Pierce told
Gorman about the threat, Gorman responded: "'He didn't give a fuck.'"
(ROA, 9.) Medical staff later examined Pierce, who confirmed Pierce
had been sexually assaulted. (ROA, 9.) Cannon investigated the report,
which Pierce asserted was a "cover up," and determined Pierce was not
assaulted. (ROA, 9, 12.) Pierce signed the notification of investigation
status on November 12, 2020. (ROA, 12.) Pierce requested
$10,000,500,000 in monetary damages for continued medical bills, as
well as the embarrassment and humiliation he suffered. (ROA, 9.)

On screening, the district court dismissed Pierce's claims against
Attorney General Kobach and Secretary Zmuda for failing to allege any
facts about their involvement. (ROA, 24-27.) The district court
construed Pierce's claims as alleging Eighth Amendment deliberate
indifference claims. (ROA, 16-18, 24.) Cannon and Gorman filed a
motion to dismiss on June 20, 2024. (ROA, 28-37.) In the motion,
counsel asserted, based on his communications with KDOC, there was

no current or former employee by the name "William Waddington." (ROA, 29.)

On November 15, 2024, the district court granted Defendants' motion to dismiss. (ROA, 56-64.) The district court found it lacked subject matter jurisdiction over Pierce's official capacity claims because Pierce was seeking monetary damages against state officials in their official capacities in violation of the Eleventh Amendment. (ROA, 61-62.) The district court also dismissed Pierce's claims for failure to state a claim upon which relief can be granted because the statute of limitations had run. (ROA, 62-64.)

Pierce filed his notice of appeal on December 2, 2024, appealing the district court's November 15, 2024, order of dismissal. (ROA, 66.)

## SUMMARY OF THE ARGUMENT

The district court dismissed Pierce's complaint under Federal Rule of Civil Procedure 12(b)(1) and (6), which this Court reviews de novo.

The district court dismissed Pierce's official-capacity monetary-damages claims against Cannon and Gorman under Rule 12(b)(1) as barred by the Eleventh Amendment. The Eleventh Amendment bars suits for damages against state officers in their official capacities.

Pierce's only remedy request was a monetary damages claim for $10,000,500,000. His claim for money damages cannot proceed against Cannon and Gorman in their official capacities under the Eleventh Amendment.

The district court dismissed Pierce's claims under Rule 12(b)(6) because Pierce's claims fell outside the statute of limitations. Federal courts apply the forum state's statute of limitations for personal injury actions when a plaintiff brings suit under 42 U.S.C. § 1983. In Kansas, that statute of limitations is two years. Federal courts also utilize a state's tolling statutes. Due to Covid-19, Kansas tolled its statutes of limitations from March 19, 2020, to April 15, 2021.

The investigation of Pierce's claims concluded on November 13, 2020. Applying the tolling of the statute of limitations, his claim did not begin to run until April 15, 2021. Pierce filed his complaint on April 30, 2024, over a year after the statute of limitations had run, baring his claims.

# ARGUMENT

I. **Did the district court err in dismissing Pierce's complaint for lack of subject matter jurisdiction based on Eleventh Amendment Immunity and for failing to state a claim because the statute of limitations had run?**

As the district court construed it, Pierce alleged an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983. (ROA, 16-18.) The district court dismissed his suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failing to state a claim under Rule 12(b)(6). (ROA, 62-64.) While both his brief and supplemental brief are muddled, it appears Pierce asserts the district court erred in granting Defendants' motion to dismiss.[1] (Appellant's Opening Brief, 3, 5); (Appellant's Second Brief, 3-4).

---

[1] Pierce claims Kansas Attorney General Kris Kobach "is sitting on information and refused to follow all posttrial motions to try and resolve the case." (Appellant's Opening Brief, 3.) Pierce's notice of appeal stated he was only appealing the November 15, 2024, order dismissing his claims against Cannon and Gorman. (ROA, 67.) It did not mention the order dismissing Attorney General Kobach. In any event, Pierce fails to argue the district court's reason for dismissing Attorney General Kobach—that Pierce failed to allege his personal participation. *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011) (issues not raised on appeal are waived); see *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018).

Pierce also alleges the district court erred by not following up on an order for Defendants to file a response and for not asking questions that

5

Pierce filed his § 1983 complaint pro se. (ROA, 5-13.) Courts construe pro se filings liberally, *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Liberal construction means that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail," it should do so. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But courts should nevertheless dismiss claims "supported only by vague and conclusory allegations." *Northington*, 973 F.2d at 1521. This broad reading does not relieve the plaintiff of the burden to allege enough facts on which a legal claim could be based. *Hall*, 935 F.2d at 1110. The court does not serve as a pro se party's attorney in forming arguments or searching the record. *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Pro se plaintiffs must follow the same rules of procedure governing all other litigants. *Id.*

---

it should have asked. (Appellant's Brief, 4.) Pierce provides no further information about these alleged errors. See *Richison*, 634 F.3d at 1127-28; *Warnick*, 895 F.3d at 754. And the record shows no order for Defendants to respond, nor where the district court should have asked Pierce questions.

## A. The Eleventh Amendment bars Pierce's official capacity claims against Cannon and Gorman for monetary damages.

Finding Pierce's complaint raised official capacity claims against

Cannon and Gorman for monetary damages, the district court

dismissed these claims for lack of subject matter jurisdiction because

the Eleventh Amendment bars suits for monetary damages against

state officials in their official capacities. (ROA, 61-62.)

A district court's decision to dismiss under Rule 12(b)(1) is

reviewed de novo. *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243

(10th Cir. 2007). Courts presume they lack jurisdiction, and the party

asserting such jurisdiction exists bears the burden to establish its

presence. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375,

377 (1994).

The Eleventh Amendment bars suit in federal court against

nonconsenting states by citizens of that state. *Williams v. Utah Dep't of*

*Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). This immunity extends to

state officials sued for damages in their official capacities. See *Peterson*

*v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Once asserted,

Eleventh Amendment immunity creates a bar to the exercise of federal

subject matter jurisdiction. *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).

This immunity is not absolute. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). Three exceptions exist: (1) a state may consent to suit in federal court; (2) Congress may abrogate a state's sovereign immunity under the Fourteenth Amendment, § 5, through appropriate legislation; and (3) under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may sue state officers in their official capacity for ongoing violations of federal law and the plaintiff seeks prospective relief. *Muscogee*, 669 F.3d at 1166. Kansas has not waived its sovereign immunity for § 1983 claims, nor has Congress abrogated the states' sovereign immunity for these actions. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

This leaves only the *Ex parte Young* exception. To determine whether *Ex parte Young* applies, "'a court need only conduct a straight forward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Williams*, 928 F.3d at 1214. Here, Pierce does not allege an ongoing violation of federal law, nor does he seek prospective relief. Pierce

sought compensation for his past alleged injuries. (ROA, 10.) Pierce's

requested relief against Defendants in their official capacity is barred

by the Eleventh Amendment. Thus, the district court lacked subject

matter jurisdiction over Pierce's § 1983 official capacity claims against

Defendants and properly dismissed the claims.

### B. Pierce's claims against Cannon and Gorman were barred by the statute of limitations.

The district court also dismissed Pierce's claims under Rule

12(b)(6) for failure to state a claim upon which relief can be granted

because his claims were barred by the statute of limitations. (ROA, 62-

64.)

A district court's grant of a motion to dismiss is reviewed de novo.

*Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). Courts

accept all well-pleaded factual allegations in the complaint as true and

view them in a light most favorable to the nonmoving party. *Id.* A

complaint must contain "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "[W]hen the allegations in a complaint, however true, could not

raise a claim of entitlement to relief, 'this basic deficiency should . . . be

exposed at the point of minimum expenditure of time and money by the

parties and the court.'" *Id.* at 558 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

The statute of limitations is an affirmative defense and must be raised by the defendant. *Herrera*, 32 F.4th at 991. A statute of limitations defense may be resolved on a Rule 12(b) motion when the dates provided in the complaint make clear "'that the right sued upon has been extinguished.'" *Id.*

Congress did not provide a statute of limitations for § 1983 actions, but federal courts apply the forum state's statute of limitations for personal injury actions. See *Herrera*, 32 F.4th at 989; see *Lyons v. Kyner*, 367 F. App'x 878, 881-82 (10th Cir. 2010). In Kansas, the appropriate statute of limitations is Kan. Stat. Ann. § 60-513(a)(4). *Baker v. Bd. of Regents of State of Kansas*, 991 F.2d 628, 630-31 (10th Cir. 1993). Kan. Stat. Ann. § 60-513(a)(4) sets the statute of limitations for person injury actions at two years.

While the statute of limitations is based on state law, determining the accrual date is a question of federal law. *Herrera*, 32 F.4th at 990. The standard rule is that accrual occurs when the plaintiff knows or has reason to know of the injury which forms the basis of the action.

*Herrera*, 32 F.4th at 990; *Smith v. City of Enid By and Through Enid City Com'n*, 149 F.3d 1151, 1154 (10th Cir. 1998). A court must "identify the constitutional violation and locate it in time.'" *Id.* Plaintiffs bear the burden to overcome the statute of limitations and render their claims timely. *Herrera*, 32 F.4th at 992.

Federal courts also borrow state tolling rules in § 1983 claims. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). State tolling provisions adopted for § 1983 actions do not depend on the facts or legal theory of the claim. *Id.* at 1212-13. Only generally applicable tolling provisions are incorporated for use under § 1983. *Id.* at 1213.

Here, Pierce alleged that, in 2020, he was placed in a cell with a known sexual predator, was threatened by that man, and was ignored when he tried to report a sexual assault. (ROA, 9.) Pierce also claims the investigation into his report was a "cover up." (ROA, 9.) Pierce signed the Notification of Investigation Status on November 13, 2020. (ROA, 12-13.) So the latest Pierce became aware of the facts forming the basis of his § 1983 claim was November 13, 2020, when this investigation concluded.

Pierce's complaint was filed on April 30, 2024, well outside of the two-year statute of limitations. (ROA, 5.) But the district court here also applied the Kansas Supreme Court's Covid-19 related tolling of statutes of limitations, which ran from March 19, 2020 to April 15, 2021. See Kansas Supreme Court Admin. Order No. 2020-PR-016; Kansas Supreme Court Admin. Order No. 2021-PR-020. Applying the tolling orders, the statute of limitations for Pierce's claims did not begin until April 15, 2021, meaning the statute of limitations ran on April 15, 2023. Thus, even with the tolling provision, Pierce's § 1983 claims fall outside of the statute of limitations. Pierce's claims were properly dismissed as time barred.

## CONCLUSION

Pierce's § 1983 complaint is barred by the Eleventh Amendment and by the statute of limitations. The district court correctly dismissed his complaint under Rule 12(b). This Court should affirm.

Respectfully submitted,

KRIS W. KOBACH
Attorney General of Kansas

/s/ Ryan J. Ott
Ryan J. Ott
Assistant Solicitor General
120 SW 10th Avenue, 2d Floor
Topeka, Kansas 66612-1597
Tele: (785)296-2215
Fax: (785) 296-3131
Email: ryan.ott@ag.ks.gov
*Attorney for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 2528 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(b), as calculated by the word-counting function of Microsoft Word.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface – 14-point Century Schoolbook – using Microsoft Word.

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that a copy of the foregoing BRIEF OF DEFENDANTS-APPELLEES (FNU) Cannon, EDCF EAI; (FNU) Gorman), Officer, CSI, as submitted in digital form via the court's ECF system, is an exact copy of the written document filed with the Clerk.

## CERTIFICATE OF SERVICE

I hereby certify that on this January 24, 2025, the BRIEF OF DEFENDANTS-APPELLEES (FNU) Cannon, EDCF EAI; (FNU) Gorman), Officer, CSI, was electronically filed with the Clerk of the Tenth Circuit Court of Appeals by using the CM/ECF system. I further

certify that I caused one paper copy to be deposited in the United States

Mail, first-class postage prepaid, addressed to:

Morehei Pierce
1245 Marlowe Drive
Montgomery, Alabama 36116
*Appellant pro se*

DATED: January 24, 2025

/s/ Ryan J. Ott
Ryan J. Ott
Assistant Solicitor General

# ATTACHMENTS

## 10th Cir. R. 28.2(B) Attachments

Attachment A................Order Adopting Report and Recommendation Dismissing Attorney General Kobach and Secretary of KDOR Jeff Zmuda

Attachment B................Memorandum and Order Dismissing Complaint

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHAI PIERCE,

    Plaintiff,

    v.                                                Case No. 5:24-CV-4033-JAR-ADM

(FNU) CANNON, et al.,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Morehai Pierce brings this action *pro se* and *in forma pauperis*, pursuant to 42 U.S.C. § 1983, against the following Defendants: (fnu) Cannon, an agent of Enforcement, Apprehensions, and Investigations ("EAI") at El Dorado Correctional Facility ("EDCF"); (fnu) Gorman, an officer at EDCF; William Waddington, the former Warden of EDCF; Kris Kobach, Kansas Attorney General, and Jeff Zmuda, Secretary of the Kansas Department of Corrections ("KDOC"). Presiding Magistrate Judge Angel D. Mitchell screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). In a detailed Report and Recommendation ("R&R"), Judge Mitchell explained why Plaintiff failed to state a claim against Kobach and Zmuda, and recommended that the undersigned dismiss Plaintiff's claims against them.[1] However, construing Plaintiff's claims liberally, Judge Mitchell recommended that Plaintiff's claims against Cannon, Gorman, and Waddington proceed. Before the Court is Plaintiff's Objection to Judge Mitchell's May 9, 2024 Report and Recommendation (Doc. 14). As described below, the Court overrules and denies Plaintiff's objection, adopts the Report and Recommendation, and dismisses Plaintiff's claims against Kobach and Zmuda.

---

[1] Doc. 8.

## I.    Legal Standard

Under 28 U.S.C. § 636(b)(1), when a party files objections to a magistrate judge's report and recommendation:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[2]

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court."[3]  If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[4]

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally.[5]  However, the Court does not assume the role of advocate.[6]  Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]  Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[8]

---

[2] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[4] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[5] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (citing *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

[6] *See id.*

[7] *See id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[8] *See id.* (citing *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted).

## II.    Discussion

In Plaintiff's one-paragraph objection to the R&R, he mentions only Defendant Cannon, and observes that Cannon will provide critical, but unreliable, testimony.  Plaintiff also reserves the right to assert any future objections during this action.  Plaintiff does not argue that Judge Mitchell erred in any way.  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ."[9]  Given the lack of detail or argument in Plaintiff's filing, the Court finds that the objection fails to preserve any specific issue for *de novo* review, and therefore, the Court need not further address the objection.

Moreover, upon a *de novo* review, the Court accepts Judge Mitchell's recommendation to dismiss Kobach and Zmuda from this action.  Under the *in forma pauperis* statute, a court shall dismiss a plaintiff's case if the court determines the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[10]  After Judge Mitchell granted Plaintiff leave to proceed *in forma pauperis*, she liberally construed the Complaint to raise Eighth Amendment claims for deliberate indifference, under a failure to protect theory.  Judge Mitchell determined that it would be impossible for Plaintiff to prevail on a § 1983 claim against Kobach and Zmuda because Plaintiff failed to allege any facts implicating either Defendant, and did not allege that either had personal knowledge of the relevant events.  However, Judge Mitchell determined that Plaintiff's Complaint alleged some factual matter about Cannon, Gorman, and Waddington's knowledge of the underlying assault; therefore, Plaintiff's claims against these

---

[9] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[10] 28 U.S.C. § 1915(e)(2)(B).

Defendants should survive screening. The Court finds no error in these recommendations and adopts the Report and Recommendation as its own.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to the Report and Recommendation (Doc. 14) is **overruled and denied**.

**IT IS FURTHER ORDERED BY THE COURT** that the Court adopts as its own Magistrate Judge Angel D. Mitchell's May 9, 2024 Report and Recommendation (Doc. 8). In accordance with that Report and Recommendation, Plaintiff's claims against Defendants Kris Kobach and Jeff Zmuda are hereby **dismissed**.

**IT IS SO ORDERED.**

Dated: June 5, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MOREHEI PIERCE,**

     **Plaintiff,**

     **v.**                               **Case No. 5:24-CV-4033-JAR-ADM**

**(FNU) CANNON, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Morehei Pierce filed this lawsuit *in forma pauperis*, pursuant to 42 U.S.C. § 1983, against the following defendants: (fnu) Cannon, an agent of Enforcement, Apprehensions, and Investigations at El Dorado Correctional Facility ("EDCF"); (fnu) Gorman, an officer at EDCF; William Waddington, the alleged former Warden of EDCF; Kris Kobach, Kansas Attorney General; and Jeff Zmuda, Secretary of the Kansas Department of Corrections. Plaintiff alleges that Defendants violated his rights by placing him in a cell with a known sexual predator, ignoring Plaintiff's reports that his cellmate threatened him with a weapon, and covering up a sexual assault that Plaintiff suffered at the hands of his cellmate. Presiding Magistrate Judge Angel D. Mitchell screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). This Court, overruling and denying Plaintiff's objections, adopted Judge Mitchell's detailed Report and Recommendation to dismiss Defendants Kobach and Zmuda from this action.[1]

This matter is now before the Court on remaining Defendants Cannon, Gorman, and Waddington's Motion to Dismiss (Doc. 18) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), improper service of process under Fed. R. Civ. P. 12(b)(5), and failure to state a

---

[1] Doc. 8.

claim under <u>Fed. R. Civ. P. 12(b)(6)</u>.  The motion is fully briefed, and the Court is prepared to

rule.  For the reasons stated below, the Court dismisses Plaintiff's case under Rules 12(b)(1) and

12(b)(6).  Therefore, the Court need not address Defendants' argument for dismissal under Rule

12(b)(5).

## I.    Legal Standard

Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and

failure to state a claim.  Both grounds for dismissal are governed by <u>Fed. R. Civ. P. 12(b)</u>.

### A.  Lack of Subject Matter Jurisdiction

<u>Fed. R. Civ. P. 12(b)(1)</u> provides for dismissal of a claim where the court lacks subject

matter jurisdiction.  "Federal courts are courts of limited jurisdiction.  They possess only that

power authorized by Constitution and statute."[2]  Federal district courts have original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States or where

there is diversity citizenship.[3]  "A court lacking jurisdiction cannot render judgment but must

dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is

lacking."[4]  The party asserting the existence of federal subject matter jurisdiction bears the

burden of establishing that such jurisdiction exists.[5]

A motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a

facial attack or a factual attack.[6]  "[A] facial attack on the complaint's allegations as to subject

---

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, <u>511 U.S. 375, 377</u> (1994) (first citing *Willy v. Coastal Corp.*, <u>503 U.S. 131, 136</u>–37 (1992); and then citing *Bender v. Williamsport Area Sch. Dist.*, <u>475 U.S. 534, 541</u> (1986)).

[3] <u>28 U.S.C. § 1331</u> (federal question); *id.* § 1332 (diversity of citizenship).

[4] *Basso v. Utah Power & Light Co.*, <u>495 F.2d 906, 909</u> (10th Cir. 1974) (citing *Bradbury v. Dennis*, <u>310 F.2d 73</u> (10th Cir. 1962)).

[5] *Id.* (citing *Becker v. Angle*, <u>165 F.2d 140</u> (10th Cir. 1947)); *Ayala v. New Mexico*, No. 23-2013, <u>2023 WL 3374112</u>, at *1 (10th Cir. May 11, 2023) (citing *Hall v. Bellmon*, <u>935 F.2d 1106, 1110</u> (10th Cir. 1991)).

[6] *Holt v. United States*, <u>46 F.3d 1000, 1002</u> (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, <u>531 U.S. 425</u> (2001).

matter jurisdiction questions the sufficiency of the complaint."[7]  "A factual attack goes beyond

the allegations in the complaint and adduces evidence to contest jurisdiction."[8]  Here, Defendants

question the sufficiency of the Complaint and bring a facial attack.  When the attack on subject

matter jurisdiction is facial, as in this case, "a district court must accept the allegations in the

complaint as true."[9]

### B.  Failure to State a Claim

Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which

relief can be granted.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a

complaint must contain factual allegations that, assumed to be true, "raise a right to relief above

the speculative level"[10] and include "enough facts to state a claim for relief that is plausible on its

face."[11]  The plausibility standard does not require a showing of probability that "a defendant has

acted unlawfully," but requires more than "a sheer possibility."[12]  "[M]ere 'labels and

conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

plaintiff must offer specific factual allegations to support each claim."[13]  The Court must accept

the nonmoving party's factual allegations as true and may not dismiss on the ground that it

appears unlikely the allegations can be proven.[14]

---

[7] *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[8] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citations omitted).

[9] *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *see also Gosselin v. Kaufman*, 656 F. App'x. 916, 918 (10th Cir. 2016).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[11] *Id.* at 570.

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[14] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### C.  *Pro Se* Standard

Because Plaintiff proceeds *pro se*, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[15]  Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[16]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[17]  For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[18] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19]  Furthermore, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[20]

## II.    Background

The following facts are derived from Plaintiff's Complaint and construed liberally.[21]  In 2020, Plaintiff was incarcerated at EDCF.  His cellmate, Smith, was a "known sexual predator"

---

[15] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citing *Gagan v. Norton*, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994)).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Id.*

[18] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989)).

[19] *Whitney*, 113 F.3d at 1175.

[20] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); D. Kan. Local Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[21] Doc. 1.

who was in prison for rape.[22]  On at least one occasion, Smith threatened Plaintiff with a shank—

a weapon.  Plaintiff immediately reported the threats to Officer Gorman, but, according to

Plaintiff, Officer Gorman responded that he "didn't give a fuck."[23]

Plaintiff was ultimately moved out of the cell by mental health personnel and later

examined by medical staff who confirmed that he had been sexually assaulted.  Plaintiff alleges

that it was Smith who sexually assaulted him.  He further alleges that Cannon, who conducted an

investigation of the alleged assault, "did a 'cover up' and said Plaintiff wasn't assaulted."[24]

Plaintiff also believes that Officer Gorman's actions played a role in the alleged cover up.

On March 7, 2024, Plaintiff was examined by a medical professional in Alabama.

Plaintiff alleges that the medical professional informed him that he had damage to his lower

extremities.  Plaintiff claims these injuries were the result of the sexual assault he endured in

2020 at EDCF.

## III.    Discussion

The Court construes Plaintiff's Complaint as asserting Eighth Amendment claims for

deliberate indifference against Cannon, Gorman, and Waddington for their failure to take

adequate steps to protect Plaintiff from being sexually assaulted by his cellmate, and for their

failure to conduct a serious investigation and response when made aware of the sexual assault.

Plaintiff does not specify whether he sues Defendants in their individual and/or official

capacities; however, in construing the *pro se* Plaintiff's pleadings liberally and looking at the

substance of his pleadings, the Court will consider the claims against Defendants in both their

---

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

individual and official capacities.[25]  Defendants move to dismiss Plaintiff's claims for lack of

subject matter jurisdiction and failure to state a claim.  The Court addresses each argument in

turn.

### A.  Lack of Subject Matter Jurisdiction

Defendants first argue that dismissal is proper under Fed. R. Civ. P. 12(b)(1) because the

Court lacks subject matter jurisdiction over Plaintiff's claims.  Specifically, Defendants argue

that the Eleventh Amendment bars Plaintiff's § 1983 claims against Defendants in their official

capacities. The Court agrees.

When a defendant raises Eleventh Amendment immunity in a motion to dismiss, it

implicates this Court's subject matter jurisdiction and, thus, arises under Rule 12(b)(1).[26]  The

Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."[27]

The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint

sovereigns," "applies to any action brought against a state in federal court, including suits

initiated by a state's own citizens," and "applies regardless of whether a plaintiff seeks

declaratory or injunctive relief, or money damages."[28]  An exception to Eleventh Amendment

sovereign immunity allows plaintiffs to seek prospective relief where ongoing violations exist.[29]

---

[25] *See Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("[W]here the complaint fails to specify the
capacity in which the government official is sued, we look to the substance of the pleadings and the course of the
proceedings in order to determine whether the suit is for individual or official liability.").

[26] *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942–44 (10th Cir. 2008).

[27] U.S. Const. amend. XI.

[28] *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007).

[29] *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1165 (10th Cir. 2012).

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."[30] "This immunity extends to arms of the state and to state officials who are sued for damages in their official capacity."[31]

Here, Plaintiff, a private individual, brought this action against Defendants, state officials in their official capacities, seeking money damages. Plaintiff does not seek prospective relief, nor could he since he does not allege any ongoing violation of his rights. Thus, the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims against Defendants in their official capacities because they are barred by the Eleventh Amendment.

### B. Failure to State a Claim

Defendants also argue that dismissal is proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendants argue that Plaintiff's claims are untimely and barred by the applicable statute of limitations. The Court agrees.

"A statute of limitations defense 'may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'"[32] "[T]he appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan. Stat. Ann. § 60–513(a)(4)."[33] "Though the two year limitations period governing . . . § 1983 claims is a creature of state law, federal law governs the question of accrual of federal causes of action, and thus, dictates when the statute of limitations begins to run

---

[30] *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015) (citing *Bd. of Trs. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

[31] *Williams v. Utah Dept's of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019).

[32] *Sierra Club v. Okl. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (alteration in original) (quoting *Lee v. Rocky Mountain UFCW Unions & Emps. Tr. Pension Plan*, No. 92-1308, 1993 WL 482951, at *1 (10th Cir. 1993)).

[33] *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (citing *Hamilton v. City of Overland Park*, 730 F.2d. 613 (10th Cir. 1984)).

for purposes of § 1983."[34]   Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[35]   "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue,"[36] and "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable."[37]

The Court also borrows state tolling rules in § 1983 claims unless doing so would defeat § 1983's goals,[38] which include compensation for those injured by a deprivation of federal rights and deterrence to prevent future abuses of power.[39]   In response to the COVID-19 pandemic, the Kansas Supreme Court suspended all state statutes of limitations from March 19, 2020, through April 15, 2021.[40]   Application of the pandemic-related tolling rules does not defeat § 1983's goals.  Rather, it advances the compensation and deterrence goals by giving plaintiffs "ample time to pursue [their] claims during a global pandemic."[41]   The Court therefore applies Kansas's pandemic-related tolling rules in this case.

Here, Plaintiff alleges that in 2020, he was placed in a cell with a known sexual predator, threatened by his cellmate, and ignored when he tried to report the sexual assault.  Further,

---

[34] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).

[35] *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (collecting cases).

[36] *Id.*

[37] *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014) (alteration omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)).

[38] *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *see also Johnson v. Garrison*, 805 F. App'x 589, 593 (10th Cir. 2020).

[39] *Robertson v. Wegmann*, 436 U.S. 584, 590–91 (1978); *see also Berry v. City of Muskogee*, 900 F.2d 1489, 1503 (10th Cir. 1990).

[40] *See* Admin. Order No. 2021-032 (Apr. 3, 2020); Admin. Order No. 2021-PR-020 (Kan. Mar. 30, 2021).

[41] *Bonilla v. City of New York*, No. 20-1704, 2020 WL 6637214, at *2 (E.D.N.Y. Nov. 12, 2020) (finding New York Executive Order No. 202.8, which tolled state statutes of limitations in response to the COVID-19 pandemic, applicable to § 1983 claims).

Plaintiff alleges that Cannon investigated the sexual assault allegations, but found Plaintiff's allegations unsubstantiated in an attempt to "cover up" the assault.  Plaintiff signed the Notification of Investigation Status on November 13, 2020.[42]  Thus, at the latest, Plaintiff became aware of all the bases for his § 1983 action by November 13, 2020, when he acknowledged that Cannon's investigation was concluded.

Plaintiff argues that his claims did not accrue on November 13, 2020, because Cannon informed Plaintiff that the investigation was not closed, and that additional information could be brought in at any time.  Instead, Plaintiff argues that his claims accrued in February 2023, when he was released from incarceration.  However, Plaintiff does not dispute that he became aware of all the bases giving rise to his § 1983 claim on or before November 13, 2020.

Applying the pandemic-related tolling rule, the limitations period for Plaintiff's claims did not begin until April 15, 2021, when the tolling period ended.  The statute of limitations ran two years later on April 15, 2023—over a year before Plaintiff filed this lawsuit.  Accordingly, Plaintiff's claims must be dismissed as time barred.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 18) is **granted** under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The Clerk is ordered to enter a judgment of dismissal.

**IT IS SO ORDERED.**

Dated: November 15, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[42] Doc. 1 at 8.